Catron, Ch. J.
delivered the opinion of the court.
The first objection to a recovery against Blair, is, that the bond on which the sei. fa. is grounded, refers to no certain suit which was to be prosecuted by Gann, and is void for uncertainty; and the case of Eason vs. Clark (2 Yerg. 523) is relied on to support the position. In that case, the prosecution bond did not set forth against whom the suit was brought. For this reason, the demurrer to the scire facias was sustained, there being no certainty that Eason was bound that Tilford should with effect prosecute a suit, by him that day commenced against Clark. By the act of 1787, ch. 19, no writ can issue, calling upon a defendant to answer, without the clerk first taking bond and security from the plaintiff, that he will pay to the defendant, as defendant, and party to the suit, the costs that may be awarded against the plaintiff, for wrongfully suing out the writ. This bond is part of the record of the cause, on which a scire facias will lie; and must shew who the parties to the cause are. Truly, it is said, in Eason vs. Clark, that the bond should particularize the kind of suit commenced, “whether case, detinue, debt, covenant or trespass.” A majority of the court think the present bond not void, because wanting in this respect; nor was the cause of Eason vs. Clark decided on this ground, but on the one, that the prose *281 cution bond furnished no evidence that Clark was a party . .1 ■, i tt •" , , , ^ to tiie process and record. He, as a party, could alone prosecute the scire facias. Whether the bond was given to prosecute with effect a suit against Clark, or another, was- uncertain; the bond could have been applied to one suit as well as another; and this is stated as a principal reason for the decision. With that decision, the court rests satisfied; save with one of the reasons given by the member of the court who delivered it.
The bond in this case we think sufficiently certain, and binding on the security.
The next objection is, that no sufficient evidence is furnished, of Gann’s failure to pay and satisfy the costs adjudged against him.
The statute does not require any particular description of evidence of this fact, but the courts have required that a subsisting judgment for costs, and process to enforce the payment from the defendant, should be averred in the scire facias. A fieri facias has almost universally been the description of execution issued; but no reason is perceived why the return of a capias ad satis-faciendum should not be equally satisfactory of the existence of a judgment open to execution, and a failure on the part of the defendant to discharge it.
3d. It is objected, that the transfer by consent of the parties, from the county to the circuit court discharged the security. We think not. It was still the same suit, and the transfer of the forum no way more material than if the name had been changed by either party. By the acts of 1825, ch. 54, and 1829, ch. 79, causes may be transferred to the supreme court, on the motion of either party, from the chancery court, when the chancellor is incompetent, for two terms, to hear the same. So equity causes, pending in the circuit courts, formerly, by the act of 1817, ch. 82, could be transferred to the supreme court, because of incompetency, by order of the judge, without the intervention of the parties; and now, by the *282 act of 1829, ch. 79, the parties may transfer such causes from the circuit to the chancery court, tor final hearr 'jng. in all actions founded in tort, commenced in the county court, defendants may cause them to be transferred to the circuit court. 1827, ch. 72. In none of these cases was it apprehended that the security to the bond for the prosecution of the suit would, by the transfer, be discharged; if it had been, the legislature, it cannot be doubted, would have provided against so extensive an evil. The judgment of the circuit court must, therefore, be reversed, and entered for the plaintiff.
Greene, J. and Peck, J. concurred; White, J. dissented on the last ground.